IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 4:21-cv-731 |
| v. | COMPLAINT |
| CHARLES W. SMITH & SONS FUNERAL HOME INC. d/b/a CHARLES W. SMITH & SONS FUNERAL HOME, EASTGATE FUNERAL HOME AND METRO MORTUARY AND CREMATORY | JURY TRIAL DEMANDED |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jennifer Frasier, Kasey Sullivan, and Misty Hill. As alleged with greater particularity in paragraphs 11-15 below, the U.S. Equal Employment Opportunity Commission (hereafter "EEOC" or "the Commission") alleges that Defendant, Charles W. Smith & Sons Funeral Home Inc. d/b/a Charles W. Smith & Sons Funeral Home, Eastgate Funeral Home and Metro Mortuary and Crematory  ("Defendant"), discriminated against Frasier, Sullivan, and Hill by subjecting them to sex (female) harassment, ultimately leading to Hill's constructive discharge in violation of Title VII of the Civil Rights Act of 1964. EEOC further alleges that Defendant discriminated against Sullivan by terminating her employment in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Sherman Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Texas and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Jennifer Frasier, and Kasey Sullivan filed charges with the Commission alleging violations of Title VII by Defendant.

7. On July 20, 2021, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join

with the Commission in informal methods of conciliation to seek to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On September 7, 2021, the Commission issued to Defendant Notices of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least August 2017, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1).

12. Defendant subjected Jennifer Frasier, Kasey Sullivan, and Misty Hill to a hostile work environment based on sex (female), ultimately resulting in Hill's and Frasier's constructive discharge in violation of Title VII of the Civil Rights Act of 1964. Defendant also subjected Sullivan to retaliation by terminating her employment for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964.

13. Jennifer Frasier worked at Defendant's funeral home and mortuary. In approximately August 2019, owner Charles Smith subjected Frasier to sexual harassment. While working alone in a room in the mortuary, Frasier was approached by Smith who asked her highly personal and inappropriate questions regarding her sexuality. Smith also showed her a nude statue in his car and made several crude sexual comments to Frasier relating her body and that of the statue. That same day, Frasier reported Smith's inappropriate behavior to her supervisor. The

supervisor took no remedial action, instead replying to Frasier that he could not take any action because Owner Smith was the person doing the harassment. Frasier was compelled to resign her position due to intolerable working conditions, including the Defendant's failure to take any remedial action after Frasier's complaints.

14. Kasey Sullivan began working at Defendant's McKinney, TX funeral home location around November 2019. In approximately December 2019, Sullivan was told by the manager of the McKinney location that owner Smith wanted to interview her. On approximately January 16, 2020, Sullivan met Smith alone for an interview. Smith subjected Sullivan to several crude sexual comments. Sullivan then reported Smith's behavior and sexual remarks to the manager of Defendant's McKinney, TX location verbally and in writing. Thereafter, Sullivan limited her work to graveside services because Smith never appeared at such services. Sullivan filed her charge with EEOC on April 22, 2020. The notice of the charge is dated May 6. On about May 9, Sullivan was removed from the work schedule by Defendant, effectively terminating Sullivan from her job in retaliation for her reports of sexual harassment.

15. Misty Hill worked for Defendant from approximately October 2016 to August 2019. Beginning in approximately August 2017, Smith began making crude sexual remarks to Hill, beginning with sexual comments about Hill's sister at their father's funeral. Thereafter, Smith continued to make graphic sexual remarks to Hill and subjected her to physical touching. In approximately June 2019, Smith remarked to Hill that she should be his mistress. Hill declined and reported Smith's comments to her manager. The manager's only response was that Hill be sure that other employees were around when Smith was present. In approximately late June/early July 2019, Smith propositioned Hill, offering her money in exchange for sexual favors. In approximately August 2019, Hill was compelled to resign her position due to

intolerable working conditions, including the Defendant's failure to take any remedial action after her complaints of sexual harassment.

16. The effect of the practices complained of in paragraphs 11-15 above has been to deprive Jennifer Frasier, Kasey Sullivan, and Misty Hill of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

17. The unlawful employment practices complained of in paragraphs 11-15 above were intentional.

18. The unlawful employment practices complained of in paragraphs 11-15 above were done with malice or with reckless indifference to the federally protected rights of Jennifer Frasier, Kasey Sullivan, and Misty Hill.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that permits or condones sex harassment.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Jennifer Frasier, Kasey Sullivan, and Misty Hill by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.	Order Defendant to make whole Jennifer Frasier, Kasey Sullivan, and Misty Hill by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 11-15 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

E.	Order Defendant to make whole Jennifer Frasier, Kasey Sullivan, and Misty Hill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 11-15 above, in amounts to be determined at trial.

F.	Order Defendant to pay Jennifer Frasier, Kasey Sullivan, and Misty Hill punitive damages for engaging in discriminatory practices with malice or reckless indifference to their federally protected rights, as described in paragraphs 11-15 above, in amounts to be determined at trial.

H.	Grant such further relief as the Court deems necessary and proper in the public interest.

I.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

SUZANNE M. ANDERSON
Acting Regional Attorney

Texas Bar No. 14009470

/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas Bar No. 24050425

/s/ Alexa Lang
ALEXA LANG
Trial Attorney
Texas Bar No. 24105356

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (972) 918-3611
Fax No. (214) 253-2749

**ATTORNEYS FOR PLAINTIFF**