# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § | |
|       *Plaintiff,* § § | Civil Action No. 4:21-cv-00731 |
| § | Judge Mazzant |
| v. § § | |
| CHARLES W. SMITH & SONS § FUNERAL HOME, INC., d/b/a/ CHARLES § W. SMITH & SONS FUNERAL HOME, § EASTGATE FUNERAL HOME, and § METRO MORTUARY AND § CREMATORY, §       *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Quash Subpoenas to Medical Providers (Dkt. #21). Having considered the motion and the relevant pleadings, the Court finds it should be **GRANTED in part**.

### BACKGROUND

This is a sex discrimination case involving Plaintiff Equal Employment Opportunity Commission (the "EEOC") and Defendants Charles W. Smith & Sons Funeral Home Inc. d/b/a Charles W. Smith & Sons Funeral Home, Eastgate Funeral Home, and Metro Mortuary and Crematory. On September 22, 2021, the EEOC filed this action alleging Defendants discriminated against three former employees on the basis of their sex: Jennifer Frasier ("Frasier"), Kasey Sullivan, and Misty Hill, (Dkt. #1).

On July 18, 2022, Defendants served the EEOC with notice of intent to serve third-party subpoenas on the following entities: (1) Baylor Scott & White Medical Center Garland; (2) Spine & Joint Physicians of Frisco; (3) Baylor Scott & White Neurosurgery & Spine Associates –

Richard C. Naftalis, MD; (4) Rheumatologist Supriya Sehghal, MD; and (5) CVS Pharmacy (Dkt. #21, Exhibit 1). The subpoenas demand each medical provider of Frasier produce:

> Any and all medical records (excluding billing records), from 01/01/2012 to present, including but not limited to records regarding the patient's conditions and treatments, doctor's notes, evaluations, office notes, progress notes, correspondence with other physicians, therapists, hospitals and/or healthcare providers, physical therapy records, lab reports, pathology reports, radiology reports, all other diagnostic reports, prescriptions, referrals to other health care, claims, worker's compensation records, hospital records, therapists' records, patient information forms, patient insurance forms, intake forms, handwritten notes, letters of protection, telephone messages, nurses' notes, every such record, including but not limited to, those existing in electronic or magnetic form, including correspondence in the possession, custody or control of the said witness and every such records to which the witness may have access pertaining to: Jennifer Frasier DOB:01/05/1986.

(Dkt. #21, Exhibit 1 at p. 7). The subpoena to CVS demand that CVS produce:

> Any and all pharmaceutical/prescription records form 01/01/2012 to present, including but not limited to, all computer print-outs, refills, billing statements, patient information forms, patient profiles, all documents existing in electronic or magnetic form, including original or handwritten prescriptions from physicians, correspondence in the possession, custody or control of the said witness and every such records, including but not limited to, those existing in electronic or magnetic form pertaining to: Jennifer Frasier DOB: 01/15/1986.

(Dkt. #21, Exhibit 1 at p. 26).

On July 26, 2022, the EEOC moved to quash the subpoenas pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3) (Dkt. #21). Defendants have not responded.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. Under Rule 45, a party may serve a subpoena commanding a nonparty "to . . . produce designated documents electronically stored information, or tangible things in that person's possession custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person

subject to the subpoena." FED. R. CIV. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. FED. R. CIV. P. 45(d)(3)(A)(iii)–(iv). The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

A party or any person from whom discovery is sought may move for a protective order. FED. R. CIV. P. 26(c)(1). Under Rule 26, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is on the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## ANALYSIS

The EEOC requests the Court quash, or in the alternative modify, the subpoenas because the information sought is "highly personal and confidential, largely irrelevant to this litigation, and disproportionate to the issues in this case" (Dkt. #21 at p. 1). Defendants have not responded.[1]

---

[1] A party's failure to file a response "creates a presumption that the party does not controvert facts set out by movant and has no evidence to offer in opposition to the motion." E.D. Tex. Civ. R. 7(d).

However, before addressing the substance of the motion, the Court has an independent obligation to examine standing. See *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, No. 5:07CV191, 2008 WL 2944671, at 3 (E.D. Tex. July 25, 2008) (noting "although the parties have not raised this issue in the briefing, the Court is bound by the text of Rule 45").

## I.    Standing

"Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45." *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (E.D. Tex. 2016). For a party to have standing to challenge a subpoena issued to a non-party, the party must either have "possession of the materials subpoenaed" or a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

Generally, a plaintiff lacks standing to oppose the subpoena of a non-party on the ground that the subpoena violates the non-party's privacy rights. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . . , that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Moreover, "the EEOC has *limited* standing to assert the privacy rights of the employees that it represents." *E.E.O.C. v. Methodist Hospitals of Dallas*, No. 3:15-cv-3104-G, 2016 WL 10703743 at *2 (N.D. Tex. June 15, 2016) (emphasis added).

Here, the Court finds the EEOC does not have standing to oppose the subpoenas on the basis that they violate Frasier's privacy rights. The EEOC does not appear to have the requested medical records in its possession, nor does the EEOC have a personal right in Frasier's medical records. *See Braddick*, 595 F.2d at 967.

That said, any party to the litigation has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Bounds*, 314 F.R.D. at 218. As a party to this litigation, the EEOC has standing pursuant to Rule 26(c)(1) to seek a limitation on the scope of the subpoenas.

## II.     Scope of Production

The EEOC requests the Court narrow the scope of the subpoenas to "records related to psychiatric treatment and drugs prescribed to treat psychiatric illness, such as anti-depressants" (Dkt. #21 at p. 7). The EEOC's principal objection is that the medical records requested are "not at issue" or "not related" to this case, and thus are overbroad (Dkt. #21 at pp. 4, 5). The EEOC also argues that allowing Defendants to obtain the medical records of victims of discrimination "as a matter of course" would have a chilling effect on the EEOC's responsibilities because individuals will be more reluctant to participate in the lawsuit (Dkt. #21 at p. 7). As the party opposing discovery, the EEOC has the burden of showing that the requested discovery is not relevant. *Mumfrey v. CVS Pharm.*, No. 1:10-cv-124-TH, 2011 WL 13196326, at *3 (E.D. Tex. June 27, 2011).

Medical records are discoverable in discrimination cases where damages for mental anguish are sought. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473–74 (N.D. Tex. 2005). The EEOC, on behalf of Frasier, seeks "mental anguish damages stemming from a hostile work environment" (Dkt. #21 at p. 5). Accordingly, at least to some extent, Frasier's medical records are discoverable. However, "[t]he Court recognizes that all medical records, and especially records pertaining to treatment for purely physical conditions, will not necessarily be relevant to mental anguish claims." *Merrill*, 227 F.R.D. at 473.

Here, Defendants seek ten years' worth of Frasier's medical history, even though Frasier was not an employee of the Defendants until the past three years (Dkt. #21 at p. 4).  Further, Defendants seek to subpoena rheumatologists, neurosurgeons, and spine and joint specialists. These medical providers treat Frasier for her "fibromyaligia, arthritis, and other physical conditions" (Dkt. #21 at p. 5).  Through the subpoenas, Defendants would gain access to x-rays, radiological records, and pathology reports.  Thus, the EEOC has shown that some of the records Defendants seek relate to purely physical conditions.

It is true that Frasier's rheumatologist prescribed her Cymbalta, a medication used to treat both fibromyalgia and depression.  Therefore, the requested records may not be solely related to physical conditions.  Nevertheless, the EEOC's requested modification to the subpoenas addresses the possible overlap between Frasier's physical conditions and the mental anguish claims—as Defendants may obtain the portion of Frasier's records related to the treatment of her mental health. The Court, therefore, finds that limiting the scope of the subpoenas as requested by the EEOC is warranted.

## CONCLUSION

It is therefore **ORDERED** Plaintiff's Motion to Quash Subpoenas to Medical Providers (Dkt. #21) is hereby **GRANTED in part.**  Defendants' requests are hereby modified to only cover records related to the psychiatric treatment of Jennifer Frasier and drugs prescribed to treat any psychiatric illness, such as anti-depressants.

**IT IS SO ORDERED.**

**SIGNED this 18th day of August, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE