IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT <br> OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES W. SMITH & SONS <br> FUNERAL HOME INC. d/b/a <br> CHARLES W. SMITH & SONS <br> FUNERAL HOME, AND METRO <br> MORTUARY AND CREMATORY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  CIVIL ACTION NO. 4:21-CV-00731 <br> )  Judge Mazzant <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Plaintiff United States Equal Employment Opportunity Commission ("EEOC"), and Defendants, Charles W. Smith & Sons Funeral Home and Metro Mortuary and Crematory ("Defendants"). This Consent Decree resolves the claims of Plaintiff EEOC in the above-referenced Civil Action No. 4:21-CV-00731. EEOC initiated its lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex, and to provide appropriate relief to Charging Parties Jennifer Frasier and Kasey Sullivan, and aggrieved individuals Misty Hill and Bernadette Reding. More specifically, Plaintiff EEOC filed this lawsuit alleging that the Defendants violated Title VII by subjecting Frasier, Sullivan, Hill, and Reding to a hostile work environment based upon sex (female).

EEOC further alleges Defendants constructively discharged Frasier, Hill, and Reding and retaliated against Sullivan in violation of Title VII.

Nothing in this Decree is, nor should be construed as, an admission of wrongdoing or liability by Defendants either in this proceeding or in any other proceeding. Defendants make no admission of liability. The EEOC and Defendants agree to compromise and settle the differences embodied in the Complaint filed by EEOC and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met.

2. This Consent Decree resolves all issues raised in Frasier's and Sullivan's Charges of Discrimination (450-2020-02500 and, 450-2020-03273 respectively), and EEOC's Original and Amended Complaints. Plaintiff EEOC waives further litigation of all issues raised in its Original and Amended Complaints. EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendants. EEOC does not waive processing or litigating Charges other than the above-referenced charges.

3. During the term of this Consent Decree, Defendants, their directors, officers, agents, managers (including all supervisors), successors, assigns, and all other persons in active concert or participation with them, are enjoined from engaging in employment practices in violation of Title VII's prohibition of sexual harassment and retaliation. Such employment practices include but are not limited to: (i) sexual harassment in violation of Title VII; and, (ii)

creating, facilitating, or permitting a hostile work environment in violation of Title VII on the basis of sex. Defendants are further enjoined from permitting any action, policy or practice with the purpose of retaliating against any current employee of the Defendant because he or she: (i) opposed any practice of discrimination made unlawful under Title VII (including but not limited to sexual harassment); (ii) filed a Charge of Discrimination alleging any such practice; (iii) testified or participated in any manner in any investigation (including, without limitation, any internal investigation), proceeding, or hearing in connection with any claim of discrimination or sexual harassment; (iv) was identified as a possible witness or claimant in this action; (v) asserted any rights under this Decree; and/or (vi) sought and/or received any relief in accordance with this Decree.

4. Defendants agree to pay the total sum of $135,000 to the Charging Parties and Aggrieved Individuals, Jennifer Frasier, Kasey Sullivan, Misty Hill and Bernadette Reding. The specific amount of payment to each individual from this total shall be determined by the EEOC. EEOC will inform the Defendant of the amount to be paid to each individual and the address to which payment shall be directed within 10 days of the effective date of this Consent Decree. The amount shall be paid according to the following schedule. Defendant will make the first payment of $80,000 within 30 days of receiving the information from the EEOC as to the specifics of such payments. Defendants shall make the second payment of $55,000 within 60 days of receiving the information from the EEOC. Defendants agree to issue form W-2s to Frasier, Sullivan, and Reding for the amounts the EEOC constitutes as lost wages, and Form 1099s for the payment to Hill and the remaining payments to Frasier, Sullivan, and Reding. Defendants shall agree to provide copies of checks with the agreed sums and proof of delivery.

5.     Within 90 days of the effective date of this Consent Decree, Defendants agree to develop and implement a Sexual Harassment policy and complaint procedure, which defines sexual harassment and informs employees of the proper steps for bringing a complaint of sexual harassment. The policy will also identify the appropriate steps for a manager to take if the owner or higher-level supervisor is the harasser. The policy shall be in writing and shall be sent by electronic distribution to all employees of the Defendants each year during the term of the Consent Decree. Defendant also shall provide a copy of this policy to the EEOC within 30 days of its implementation.

6.     Defendants shall impose discipline, up to and including termination, suspension without pay or demotion upon any owner, supervisor or manager who is found by reasonable evidence to have engaged in discrimination on the basis of sex, or who permitted conduct, including sexual harassment to occur in his or her work area or among employees under his supervision. Defendants shall communicate this policy to all of their owners, supervisors and managers.

7.     Within 90 days of the effective date of this Decree, Defendants shall designate one or more monitors other than Charles W. Smith to ensure Defendants' compliance with this Decree and the provisions of Title VII that prohibit sexual harassment and retaliation. The monitor shall have demonstrated experience in the area of employment discrimination and sexual harassment issues or Defendants shall provide training by a third party to the monitor in those areas. If the monitor is unable or unwilling to serve at any point during the duration of the Decree, Defendants shall designate a new monitor within 30 days. Defendants shall bear all costs

associated with the selection and retention of the monitor and the performance of the monitor's duties. For the term of the Decree, the monitor's responsibilities shall include:

    a. Ensuring that Defendants create a harassment policy that outlines with specificity to whom employees should report;

    b. Ensuring that Defendants provide all employees with a copy of the harassment policy;

    c. Ensuring that all Defendants' employees, including management, supervisory, and human resources employees, are trained regarding their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of sexual harassment and retaliation;

    d. Ensuring that all Defendants' employees, including management and supervisory employees are trained on Defendants' policies and procedures relating to discrimination, harassment, and retaliation;

    e. Conducting investigations of all complaints of sexual harassment and retaliation to ensure compliance with Title VII and this Decree;

    f. Ensuring that Defendants properly communicate with individuals who complain of sexual harassment and/or retaliation;

    g. Ensuring that Defendants create a centralized system for tracking sexual harassment and retaliation, as required by this Decree;

    h. Ensuring that Defendants' performance and discipline policies hold employees and managers, including general managers, accountable for engaging in sexual harassment, and/or failing to take appropriate action

       regarding complaints of harassment based on sex and retaliation, as prohibited under Title VII and this Decree;

   i. Ensuring that Defendants' employees, managers, and supervisors are held accountable for complying with the anti-discrimination, anti-harassment, and no retaliation policies;

   j. Preparing semiannual reports on Defendants' compliance with this Decree and Title VII's prohibitions of sexual harassment and retaliation; and

   k. Ensuring that Defendants accurately comply and timely submit all reports required by this Decree.

8. Defendants shall electronically distribute by text or email a copy of Exhibit A to all persons employed in each location. Defendants shall post copies of the Notice attached as Exhibit "A" to this Decree at each of their locations. The Notice shall be posted within 10 days of the effective date of this Consent Decree and shall remain posted for the duration of this Consent Decree. Defendants shall ensure that the posted Notice is not altered, defaced or covered by any other material. Within 30 days of the effective date of this Consent Decree, Defendant shall send a written report to EEOC confirming that they have complied with this paragraph.

9. Within 90 days of the effective date of this Consent Decree, and for each year that this Consent Decree is in effect, a third-party trainer shall provide mandatory training on sexual harassment to all current employees (management and non-management) in two sessions. One session will take place at Metro Mortuary and Crematory and one at a Charles W. Smith & Sons Funeral Home. Each training will be no less than one hour in duration. The training shall include, but will not necessarily be limited to, the following:

      a. Review of Defendants' Sexual Harassment Policy and Complaint Procedure to include defining discriminatory conduct that is unacceptable in the workplace;

      b. Respect and civility in the workplace;

      c. The consequences of engaging in conduct that is unacceptable in the workplace, including that corrective action will be proportionate to the severity of the conduct;

      d. Educate employees about their rights and responsibilities if they experience conduct that Defendants have stated is not acceptable in the workplace; and

      e. Describe, in simple terms, how the formal complaint process will proceed after a complaint is made, including the person(s) responsible for investigating and the estimated time for completion of the investigation.

Defendants shall also conduct annual training for all managers and supervisors at each of their locations on how to respond effectively to sexual harassment that they observe, that is reported to them, or of which they have knowledge or information.

All employees who attend the annual training sessions described above will print and sign their full names and provide their job title on an attendance sheet that lists the date, time and title of the training. Defendants shall, on an annual basis, provide EEOC with the attendance sheets for any training given since the last report. At least 30 days prior to each annual training Defendants will provide EEOC notice of the date, time, and location of the scheduled training. Defendants shall review its sexual harassment policy and complaint procedure with new employees within two weeks after their being hired.

10. Within 90 days of the effective date of this Consent Decree, Charles W. Smith shall attend training on sexual harassment for no fewer than 8 hours. At least 30 days prior to the training, Defendants will provide EEOC notice of the date, time, and location of the scheduled training. Defendants shall provide confirmation that Charles W. Smith attended the training no later than 30 days after its completion.

11. On a semi-annual basis beginning 90 days after the effective date of this Decree, Defendants shall provide a written report to EEOC with information regarding any reports or complaints of sexual harassment that were received, pending, or resolved since the last report. These reports shall include the name(s) and position(s) of the complaining employee, the name(s) and position(s) of the alleged harasser, the date(s) of the alleged harassment and complaint, the location(s) where the alleged harassment occurred, a specific description of the alleged harassment, the name(s) and position(s) of personnel and management officials involved, and all steps taken by Defendants to correct the behavior and/or prevent it from occurring in the future.

12. Plaintiff EEOC shall have the right to ensure compliance with the terms of this Consent Decree. EEOC shall give Defendants written notice of any alleged violation. Defendants shall have 10 days in which to investigate and respond to the allegations. The Notice of Alleged Non-Compliance shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of non-compliance. Thereafter, the parties shall then have a period of 21 days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. If Defendants fail to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendants shall, as applicable:

a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

b. Bear any additional costs incurred by EEOC caused by the non-compliance or delay of Defendants.

14. All reports to EEOC required by this Consent Decree shall be sent to Alexa Lang, Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, TX 75202.

15. The duration of this Consent Decree shall be 3 years from its effective date. The effective date of this Consent Decree will be the date when it is signed and issued by the Court. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree.

16. Neither EEOC nor Defendants shall contest the validity of this Consent Decree, the jurisdiction of the federal district court to enforce this Consent Decree and its terms, or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree. Nothing in this Decree shall be construed to preclude EEOC from enforcing this Decree in the event that Defendants fail to perform the promises and representations contained herein. EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court and will reserve the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

17. Each party shall bear its own costs, including attorneys' fees incurred in this action, as of the effective date of this Decree.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED.**

**SIGNED this 19th day of October, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND
SUBSTANCE


/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Attorney
Texas Bar No. 14009470

Alexa Lang
ALEXA LANG
Trial Attorney
Texas Bar No. 24105356

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
Telephone: (214) 253-2746
Fax: (214) 253-2749

**ATTORNEYS FOR PLAINTIFF**


/s/ Michael Baum
MICHAEL BAUM
Texas Bar No. 24006815
3131 McKinney Avenue, Ste.500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**ATTORNEY FOR DEFENDANTS**

# EXHIBIT A

**ATTACHMENT A**

**NOTICE**

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lowers overall employee morale and productivity. It is the policy of Charles W. Smith & Sons Funeral Home, Metro Mortuary and Crematory that discrimination is unacceptable conduct and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the provisions of Title VII of the Civil Rights Act of 1964, as amended, and the U.S. Equal Employment Opportunity Commission's guidelines on sexual harassment and retaliation and to reiterate our policy against discrimination and harassment.

**SCOPE**: This policy extends to all employees of Charles W. Smith & Sons Funeral Home, Metro Mortuary and Crematory. including owners, management, non-management, temporary and/or probationary employees.

**DEFINITION:** Unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment. Sexual harassment is a form of misconduct that undermines the integrity of the employment relationship. No employee, either male or female, should be subjected to unsolicited and unwelcome sexual conduct, either verbal or physical.

Examples of behavior that may constitute sexual harassment include <u>but are not limited to</u> the following:
* Hugging, grabbing or any type of unnecessary touching of another person.
* Making unwelcome sexual advances.
* Foul or obscene language of a sexual nature, including jokes.
* Requests for sexual favors whether in exchange for benefits or otherwise.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding discrimination. Employees are expected to read, understand, and follow the policies Charles W. Smith & Sons Funeral Home, Metro Mortuary and Crematory, and Eastgate Funeral Homes have established to prevent discrimination.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the alleged act as soon as possible to that person's

immediate supervisor, any supervisor or manager, or to the (monitor), _____. The Human Resources Department may be contacted at -------------------------------------- or by telephone at _____. Supervisors and managers who are informed of an alleged incident of discrimination must immediately notify the monitor or the Human Resources Department.

In addition to reporting a complaint of discrimination to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission and file a charge of employment discrimination. The address and telephone number of the nearest EEOC office is
207 S. Houston St. 3rd Floor, Dallas, TX 75202; (214) 253-2743. Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be undertaken immediately by _____. The investigation may include interview of all employees and supervisors at the facility, the inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in discrimination can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have engaged in discrimination against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, has filed a charge of discrimination, or has given testimony, assistance, or participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1990, as amended. The Company will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Charles W. Smith & Sons Funeral Home, Metro Mortuary and Crematory, and Eastgate Funeral Homes will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**EXCEPTIONS:** There are no exceptions to this policy.

THIS NOTICE WILL REMAIN POSTED FOR A PERIOD OF 3 YEARS AND NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL.

| | |
|---|---|
| _____ | _____ |
| Date | Charles W. Smith |

**<u>THIS IS AN OFFICIAL NOTICE. DO NOT REMOVE OR CHANGE IT</u>.**

**This Notice must remain posted for three years from the date below and must not be altered, defaced or covered. Any questions about this Notice or compliance with its terms may be directed to<u>:                              </u>.**